IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Total Quality Logistics, LLC, | : | |
| | : | Case No. 1:24-cv-497 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Motion to Remand |
| RODVI Logistics, LLC, | : | |
| | : | |
| Defendant. | : | |

This matter is before the Court on Plaintiff Total Quality Logistics, LLC's ("TQL")

Motion to Remand Case to State Court.  (Doc. 5.)  Defendant RODVI Logistics, LLC

("RODVI"), who removed this action from state court, responded in opposition, and TQL

replied.  (Docs. 8, 9.)  Because this Court lacks jurisdiction, the Court will **REMAND** this case

back to the Court of Common Pleas, Clermont County, Ohio Civil Division.

I.      **BACKGROUND**

A.      **Factual Allegations in the Complaint**

TQL is a freight broker in the business of facilitating the transportation of freight. (Doc.

1-1 at PageID 7.)  TQL's principal place of business is in Union Township, Clermont County,

Ohio.  (*Id*. at PageID 8.)  RODVI and TQL entered into a Broker/Carrier Agreement through

which RODVI was to provide freight transportation services or motor carrier services to TQL's

customers.  (*Id*.)  TQL provided RODVI with its freight brokerage services per the

Broker/Carrier Agreement.  (*Id*.)

Pursuant to TQL PO No. 23938540, RODVI was to pick up a load of frozen beef cargo

from Vernon, California on April 17, 2023 and transport and deliver it to a location in Phoenix,

Arizona on April 18, 2023.  (*Id*. at PageID 9.)  RODVI picked up and delivered the beef as

expected, but the receiver rejected the delivery in Phoenix due to the load of beef being spoiled. (*Id*.)  TQL alleges that RODVI exposed the load of beef to high temperatures during its transport, which required it to be discarded.  (*Id.*)

TQL alleges that RODVI breached the Broker/Carrier Agreement by failing to timely and properly deliver the freight of its customer, failing to deliver the load of beef in good and marketable condition, and refusing to pay the amounts due and owing to TQL under the Broker/Carrier Agreement.  (*Id.*)  TQL seeks damages in the amount of $106,773.32 plus attorneys' fees and costs.  (*Id*.)

**B.     Procedural Posture**

On August 6, 2024, TQL filed this action in the Court of Common Pleas, Clermont County, Ohio.  (Doc. 1-1.)  TQL asserts the following claims: (1) breach of the parties' Broker/Carrier Agreement; (2) unjust enrichment; and (3) promissory estoppel.  (Doc. 1-1 at PageID 10–11.)

On September 12, 2024, RODVI removed this action to federal court.  (Doc. 1.)   In its Notice of Removal, RODVI asserts that the Court has diversity jurisdiction and original jurisdiction under 49 U.S.C. § 14706, the Carmack Amendment, for damage claimed against a motor carrier in interstate commerce exceeding $10,000.  (*Id*. at PageID 2–3.)

On September 19, 2024, RODVI filed a Motion to Dismiss on the basis that TQL's claims are preempted by the Carmack Amendment.  (Docs. 4.)  On October 1, 2024, TQL filed a Motion to Remand, to which RODVI responded in opposition, and TQL replied.  (Docs. 5, 8, 9.) That same day, TQL also moved to stay the briefing on the Motion to Dismiss until the Motion to Remand was resolved.  (Doc. 6.)  For the reasons that follow, this case will be **REMANDED** to state court.

## II.    STANDARD OF LAW FOR MOTIONS TO REMAND

A defendant has the right to remove to a federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  RODVI, as the removing party, bears the burden of establishing that removal was proper.  *Long v. Bando Mfg. of Am., Inc.*, 201 F.3d 754, 757 (6th Cir. 2000) ("The burden of showing that the district court has original jurisdiction is on the party seeking removal.").  A district court must resolve any doubt of its removal jurisdiction in favor of state court jurisdiction in deference to federalism concerns.  *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09 (1941); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999).

Removal of an action to federal court pursuant to 28 U.S.C. § 1441(a) requires a claim "arising under" federal law.  28 U.S.C. § 1331.  "The 'arising under' gateway into federal court has two distinct portals."  *Eastman v. Marine Mech. Corp.,* 438 F.3d 544, 550 (6th Cir. 2006).  This Court has original jurisdiction if Plaintiff TQL's well-pleaded complaint establishes that either federal law creates the cause of action *or* that TQL's right to relief involves the resolution of a substantial question of federal law.  *Id.*  The "well-pleaded complaint" rule provides that federal jurisdiction exists "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Loftis v. United Parcel Serv., Inc.,* 342 F.3d 509, 514 (6th Cir. 2003) (quoting *Long,* 201 F.3d at 758) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).

"[A] case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."  *First Star Logistics, LLC v. Wholestone Farms Coop., Inc*., No. 1:24-cv-50, 2024 WL 4262256, at *3

3

(S.D. Ohio Sept. 23, 2024) (quoting *Loftis*, 342 F.3d at 515). "However, 'where federal preemption is so complete that conflicting state law not only must yield but is effectively extinguished,' 'then the state law claim is displaced by the federal cause of action, and the action is subject to removal.'" *Id*. (citing *Loftis*, 342 F.3d at 515) (sometimes called the "complete preemption corollary to the well-pleaded complaint rule").

## III.    ANALYSIS

RODVI's Notice of Removal asserts two bases for jurisdiction: diversity jurisdiction and federal question jurisdiction under the Carmack Amendment. As set forth below, RODVI has not met its burden of establishing either jurisdictional basis necessitating that the Court remand this action to state court.

### A. Diversity Jurisdiction

RODVI alleges the Court has original jurisdiction on the basis of diversity of citizenship and amount in controversy exceeding $75,000, pursuant to 28 U.S.C. § 1332(a)(1). (Doc. 1 at PageID 2.) Ordinarily, "[i]n order for a defendant to remove a case to federal court based upon diversity jurisdiction, there must be complete diversity of citizenship both at the time that the case is commenced and at the time that the notice of removal is filed." *Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.*, 176 F.3d 904, 907 (6th Cir. 1999). Complete diversity "exists only when no plaintiff and no defendant are citizens of the same state." *Id*.

RODVI's Notice of Removal is deficient in establishing diversity of citizenship. The Notice of Removal states:

> TQL is an Ohio Limited Liability Company with its principal place of business in Ohio. *Complaint*, ¶ 3. RODVI is an Arizona Limited Liability Company with its principal place of business in Arizona. *See Attached Operating Agreement and Complaint*. As such, Plaintiff and Defendant are citizens of different states, and the diversity requirements of 27 U.S.C. § 1332(a)(1) are satisfied.

4

(Doc. 1 at PageID 2.) "A limited liability company (commonly known as an 'LCC') has the citizenship of its members and sub-members." *Akno 1010 Market St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624, 626 (6th Cir. 2022) (citing *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009)). "The party asserting diversity jurisdiction bears the burden of establishing the parties' citizenships." *Id*. "This means that a plaintiff (or a defendant in a removal action) must fully allege the citizenship of each party." *Id*. Because LLCs are not corporations, "[a]alleging that an LLC is organized under the laws of a certain state does nothing to establish its citizenship." *Id*. TQL and RODVI, as LLCs, have the citizenship of their members and sub-members, and the law is clear that the Court must know the citizenship of each of those. *Id*.

Although RODVI attempted to cure this defect in its Response in Opposition by providing new information and seeks jurisdictional discovery to ascertain citizenship information, the law is clear that remand is appropriate. *See Olwin Metal Fabrication, LLC v. MultiCam, Inc*., 631 F. Supp. 3d 485, 488 (S.D. Ohio 2022) (declining request for jurisdictional discovery to prove citizenship as the removal defendant must meet its burden at the time of removal to establish jurisdiction and failed to do so). Because RODVI neglected to allege the citizenship of the members and sub-members of both parties in this action, it has not met its burden of establishing diversity jurisdiction.

## B. Federal Question Jurisdiction Under the Carmack Amendment

RODVI's Notice of Removal fails to establish federal question jurisdiction, too. RODVI alleges in its Notice of Removal that the Court has original jurisdiction under 28 U.S.C. § 1337,[1]

---

[1] 28 U.S.C. § 1337(a) reads as follows:
The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies: *Provided, however,* That the district courts shall have original jurisdiction of an

which provides jurisdiction under 49 U.S.C. § 14706, the Carmack Amendment.  In its Notice of

Removal, RODVI alleges:

> Pursuant to 28 U.S.C. § 1337, the district courts have original jurisdiction of all civil actions under 49 U.S.C. 14706 (Carmack Amendment) for damage claimed against a motor carrier in interstate commerce exceeding $10,000, exclusive of interest and costs.

(Doc. 1 at PageID 2–3.)  TQL asserts that state law claims of breach of contract, unjust

enrichment, and promissory estoppel are not subject to federal jurisdiction.  RODVI asserts that

these claims are preempted by the Carmack Amendment, which provides federal question

jurisdiction.

The law is clear that the Carmack Amendment is inapplicable to claims asserted by or

against freight brokers such as TQL, as the Court has repeatedly held in this very context.  *First

Star Logistics*, 2024 WL 4262256, at \*3 (Report and Recommendation recommending

remanding case to state court; finding no federal jurisdiction under Carmack Amendment where

broker brought suit and carrier attempted to remove action to federal court) (objections filed on

October 8, 2024 pending); *Total Quality Logistics, LLC v. Lith Transport, Inc.*, No. 1:16-cv-

00789, 2016 WL 5476148, at \*4 (S.D. Ohio Sept. 29, 2016) (granting motion to remand where

defendant carrier attempted to remove action brought by plaintiff broker; finding Carmack

Amendment did not apply to claims brought by broker); *Total Quality Logistics, LLC v. James

M. O'Malley d/b/a Mack Logistics*, No. 1:16-cv-636, 2016 WL 4051880, at \*3 (S.D. Ohio July

28, 2016) (same).  Congress's intent in enacting the Carmack Amendment was to create "a

national scheme of carrier liability for loss or damages to goods transported in interstate

commerce."  *Exel, Inc. v. S. Refrigerated Transp., Inc.,* 807 F.3d 140, 148 (6th Cir. 2015).

---

action brought under section 11706 or 14706 of title 49, only if the matter in controversy for each receipt or bill of lading exceeds $10,000, exclusive of interest and costs.
(Emphasis in original.)

"[T]he Amendment 'makes a motor carrier fully liable for damage to its cargo unless the shipper has agreed to some limitation in writing.'" *First Star Logistics*, 2024 WL 4262256, at *3 (citing *Exel*, 807 F.3d at 148 (6th Cir. 2015)). "Brokers, however, are not entitled to sue under the Carmack Amendment." *Id.* (citing *Lith Transport, Inc.*, 2016 WL 5476148, at *2)). "Furthermore, the Carmack Amendment does not preempt claims by or against brokers." *Id.* (citing *Michaela Bohemia, LLC v. FedEx Freight, Inc.*, No. 1:23-cv-463, 2023 WL 318069, at *2–3 (S.D. Ohio Jan. 19, 2023)).

This case is virtually indistinguishable from *Lith*, a case that previously came before the Court. There, the defendant carrier removed to federal court a state law complaint brought by the same plaintiff in this case—freight broker TQL—alleging breach of contract, unjust enrichment, and promissory estoppel. 2016 WL 5476148, at *1. The parties had entered into a Broker/Carrier Agreement—just like this case—and TQL asserted that its carrier failed to timely and properly delivery a load on behalf of its customer. *Id.* The Court found that the Broker/Carrier Agreement clearly identified TQL as the "broker" and Lith Transport as the "carrier." *Id.* at *2. "A broker, however, is not the same as a shipper" as it cannot sue a carrier under the Carmack Amendment. *Id.* The Court found that remand was appropriate as the Court lacked jurisdiction. *Id.*

Following this clear and well-established precedent, remand is appropriate here, too. Just like in *Lith*, the Complaint alleges that TQL is the "broker" and RODVI the "carrier" pursuant to the parties' Broker/Carrier Agreement. (Doc. 1-1 at PageID 14.) Because a broker is not the same as a shipper, it cannot sue or be sued under the Carmack Amendment. *Lith*, at *2 (citing *Exel*, 807 F.3d at 148–149). The Complaint does not allege, nor could it, claims under the Carmack Amendment. *See First Star*, 2024 WL 4262256, at *3 (finding same). Furthermore,

under the well-pleaded complaint rule, federal question jurisdiction must appear on the face of the Complaint.  Clearly, it does not here where TQL has alleged three state law claims.  Because this Court lacks jurisdiction, the case must be remanded to state court.

## IV.      CONCLUSION

For the foregoing reasons, TQL's Motion to Remand (Doc. 4) is **GRANTED**.  This case will be remanded to the Court of Common Pleas, Clermont County, Ohio and terminated from the docket of this Court.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge